J. C. WOOTON, Respondent, v. J. O. DORR et al.,
Appellants.

Harry H. Parsons for Appellants.

James L. King, Claude A. Watson and Edward P. Hart
for Respondent.

GRIFFIN, J.—About September 20, 1945, plaintiff J. C.
Wooton, doing business as the J. C. Wooton Development
Company, entered into a written agreement with defendants
J. O. and J. M. Dorr, a copartnership, whereby plaintiff would
deliver to defendants, who were engaged in building log
cabins, etc., in the Big Bear District, certain building mate-
rials consisting of specially designed logs which plaintiff was
obtaining in Oregon. Certain equipment to be used in connec-

tion therewith, as well as certain trucks and vehicles for carrying these materials, were included in another contract.

The agreement pertaining to the lumber and materials provides generally that defendants agree to purchase from plaintiff, at inventory prices, all the split logs, lumber and other material plaintiff may have on hand, on an open book account, on assignment. Title was to remain in plaintiff until fully paid for. Defendants agreed to deposit $421.94 (admittedly deposited), as a guarantee of good faith until all accounts were paid. Plaintiff agreed to supply, on consignment, and defendants agreed to pay the prevailing market price for all future sales. In further consideration of the sales rights, defendants agreed to purchase the vehicle and other machinery under contract. Defendants agreed to forward, as soon as received, all cash in full payment for goods sold which were consigned to them. Defendants agreed to pay reasonable attorney's fees and costs in case plaintiff was compelled to employ an attorney to enforce the agreement.

As a part of this agreement an inventory is attached, signed by the parties, showing that logs and materials inventoried at $4,683.30 were consigned to defendants on September 27, 1946, and were admittedly received by them.

A separate written agreement, on a regular conditional purchase agreement form, was signed by the parties respecting the truck and machinery, at a purchase price of $3,450.72, payable in 24 payments of $143.78 per month beginning November 1, 1946. The property thus described was admittedly received by defendants.

Plaintiff's complaint alleges that within two months thereafter defendants sold all of said building material, received cash in full for it and refused to pay plaintiff; that the sum of $1,476 paid thereon, together with the deposit of $421.94, leaves a balance of $2,785.36 due; that demand was made for payment.

The second cause of action is based on the equipment sales contract alleging that defendants failed to make the payment due on November 1st and all installments due thereafter; that demand was made and plaintiff declared the purchaser's rights thereunder terminated in accordance with the agreement; that defendants refused the demand and are now concealing the whereabouts of the equipment; that the reasonable value thereof is the sum of $3,450.72. In addition to the prayer for a recovery for these amounts plaintiff also seeks attorney's fees and costs.

Defendants answered and by way of cross-complaint alleged generally that plaintiff made certain oral representations to defendants which were contrary to those in the written agreement, particularly in regard to the time and manner of payment; that plaintiff represented that he had a contract for the construction of at least 300 houses which would insure defendants a profit of $400 per house, and that he would turn this contract over to defendants if they would orally agree to buy these particular kinds of logs from him; that he would help defendants secure other building contracts in the district; that this and other representations set forth were made for the purpose of inducing defendants to sign the agreements above mentioned; that defendants did not read the agreements but believed such oral agreements were a part of the written agreements; that plaintiff failed to perform the oral agreements above mentioned, failed to furnish additional logs and material when requested. Other general allegations of fraud are contained in the cross-complaint. Damages in the sum of $100,000 were asked. Defendants pray that the sum due on the contract for the purchase of the equipment be deducted from the damages thus awarded. In addition, defendants seek reformation of the written agreements to conform to the actual oral agreements alleged.

After trial the court found that defendants owed plaintiff $2,526.30 as a balance due on the total building materials sold; that defendants failed to pay the installments due on the equipment contract, and refused to redeliver the equipment; that plaintiff was entitled to the possession thereof or $3,450.72; that the reasonable value of attorney's fees was $300; and found generally and specifically against all claims made by defendants in their cross-complaint. Costs were awarded against defendants. Judgment was entered accordingly.

On appeal defendants specify 11 errors. Most of them could be properly discussed under one heading, i. e., insufficiency of the evidence to support the findings and judgment. They claim that the court erred in disregarding all of the testimony of the defendants; that the court could not properly find that plaintiff "even lost a penny" by the transaction; that the action was prematurely brought because the evidence failed to show that any notice of forfeiture was given defendants; that the court erred in finding that plaintiff was not guilty of fraud.

The evidence, although conflicting, is sufficient to support the finding and judgment in respect to these claims.

■ The contract regarding the sale of material provides that if the party of the first part (Wooton) is dissatisfied with the operation and performance of second parties, first party may terminate the contract "forthwith" by giving "either oral or written notice" to the second parties. Another provision of the contract is that the agreement may be terminated by either party "upon giving 30 days notice." Counsel argues that since no 30-day notice was given defendants, plaintiff could not terminate the contract. In the second provision it will be noted that the parties may terminate the agreement for no reason at all upon giving 30 days' notice. However, under the first provision Wooton could terminate it "forthwith" if he was dissatisfied with the operation and performance of the defendants. Such a notice was given. Regardless of the question of notice, it clearly appears that the action was brought for the purpose of collecting money due under the contract. The payments were past due and were unpaid. Defendants knew these facts and had copies of the contract in their possession. Further notice was not required. The equipment sales contract provided that if purchaser default in payment seller may, without notice, sue for recovery.

■ The next group of claimed errors may be classified as those arising from the rulings of the court in sustaining objections to and in striking certain testimony of defendants in respect to conversations had with plaintiff as to certain portions of the claimed oral agreement between the parties, which testimony was repugnant to the terms of the written agreement, particularly in reference to the time and manner of payment. Since there was an abundance of evidence admitted, without objection, on the phase of the claimed fraud and defendants' request for reformation of the written agreement, and since the trial court found that there was no fraud practiced on the part of plaintiff in the transaction, and also found that the written agreement should not be reformed, as suggested, the attempt to prove, by oral testimony, some other or different manner of payment than that specified in the writing was properly rejected. (Code Civ. Proc., § 1856; Civ. Code, § 1625.)

Some point is made to the effect that the judgment does not dispose of the financial status between the parties and leaves several items still unsettled. Reference is made to the

item of $421 deposited by defendants with plaintiff as a guarantee of good faith, and as to an item of $681 for unsold merchandise. The court made express findings on both of these items. Six hundred and eighty-one dollars was deducted from the balance due as indicated in the inventory. No judgment was allowed against the defendants for this sum. Under the contract, that amount was not due until the merchandise had been sold by defendants. The contract required plaintiff to hold the $421 deposit until the accounts were settled. The trial court properly held that plaintiff could retain this amount until the account of defendants had been fully settled as provided in the agreement.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.